UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ELLEN M. McCRACKEN, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NA, *et al.*,<br><br>Defendants. | Case No. 17-cv-01562-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[Re: ECF Nos. 1, 3, 7–8] |

**OVERVIEW**

Plaintiff Ellen M. McCracken filed a complaint asserting federal-question and diversity jurisdiction. *See* (Compl. – ECF No. 1.)[1] The court previously granted her request to proceed *in forma pauperis*. (ECF No. 5.) She has filed several motions. (ECF Nos. 3, 7–8.) The events described in the Complaint seem to have happened in Oregon. The plaintiff writes, however, that she has found "no Remedy or Justice in Oregon" and so has filed suit here. (Compl. – ECF No. 1 at 11.)

The complaint is confusing, ambiguous, and fails to state a claim for relief. The plaintiff generally alleges that she was evicted from her home, which was paid in full, and was later

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

arrested for trespassing. (*Id.* at 2, 6.) She further alleges that she was sentenced to 10 days in jail for "filing a Motion in defense of [her] constitutional rights." (*Id.* at 7.) While it is not entirely clear, the plaintiff seems to allege mortgage-foreclosure fraud, discrimination, retaliation, neglect, and denial of procedural due process. She may also be claiming breach of fiduciary responsibility, mail fraud, and treason, among other things.

Problems also plague her identification of defendants. Although the caption of her complaint lists only Wells Fargo Bank, N.A., Shapiro & Sutherland LLC, and "State Officials acting under color of law," as defendants (*id.* at 1), numerous others are mentioned within the discursive text of the complaint. For example, the plaintiff mentions the State of Oregon, Clackamas County, and court-appointed public defenders. In a separate filing, the plaintiff lists "parties designated & joined as defendants." (ECF No. 11.) Among the individuals and entities named there are: the "Social Security Administration"; "Non-Judicial Officers of the Court, & . . . contracted Security"; and at least four judges. (*Id.* at 1.) It is thus not clear who the defendants are, and it is even less clear which causes of action are alleged against which defendants.

For the reasons more fully stated below, under 28 U.S.C. § 1915 and Rule 8 of the Federal Rules of Civil Procedure, the court dismisses the complaint with leave to amend.

## ANALYSIS

**1. *Sua Sponte* Screening — 28 U.S.C. § 1915(e)(2)**

The court recently granted the plaintiff leave to proceed *in forma pauperis*. (ECF No. 5.) A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth

ORDER — No.17-cv-1562-LB

Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

### 2. The Complaint Does Not Adequately State a Claim

The plaintiff here fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Maybe more to the point, she has not

offered "a short and plain statement of [her] claim[s] showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). She has nowhere clearly tied facts to the requirements of some legal claim, or claims, to show that she has a facially viable action; nor has she tied specific claims to specific defendants — so that it is hard, if not impossible, to know exactly whom the plaintiff is suing for what. The complaint mostly operates at a high level, generally and summarily claiming that the defendants have wronged her and reproducing the text of various statutes. (Though, again, mostly without clearly linking definite facts to definite claims to definite defendants.) Her accusations throughout are "merely conclusory," and provide little more than broadly stroked "labels and conclusions." *See Twombly*, 550 U.S. at 555.

The complaint also constitutes a "shotgun" pleading, which alleges "that multiple parties did an act, without identifying which party did what specifically," and advances "multiple claims, [but] does not identify which specific facts are allocated to which claim." *Hughey v. Camacho*, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). Because the plaintiff's complaint does both these things, it violates procedural Rule 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which, again, requires a "short and plain statement" of the entitlement to relief. Given the number of claims and potential number of defendants, moreover, the complaint fails to give the defendants fair notice of the plaintiff's claims against them.

Finally, judging from her joinder notice, the plaintiff appears to bring claims against at least four judges. (ECF No. 11 at 1.) Barring some highly unusual facts, these people are likely to be immune from liability. This too is a fatal flaw under 28 U.S.C. § 1915(e)(2)(B).

### 3. Jurisdiction and Venue

Any amended complaint should clarify its jurisdictional allegations. It should also clearly show that this case can rightly be heard in the Northern District. The complaint does not clearly invoke the court's diversity jurisdiction, for example. It suggests that the plaintiff is a resident of Oregon. (A fact that the plaintiff's other filings more clearly confirm. *See* [ECF No. 11 at 1].) But,

among the apparently joined defendants is an "Oregon State Real Estate Agency." *See* (Compl. – ECF No. 1 at 6). And the law firm that she sues seems to have an Oregon office. If these observations are correct, then there is not complete diversity and no diversity jurisdiction under 28 U.S.C. § 1332.

The plaintiff should consider whether Oregon is the correct forum for this case. The property in question is located in Oregon. The foreclosure claim and (as best the court can tell) other alleged claims spring from facts rooted in Oregon. If the plaintiff has viable federal claims, or if she can recast her complaint so that the parties are completely diverse, then the District of Oregon should be able to hear this case. The state courts of Oregon are also an option. That the plaintiff has found ""no Remedy or Justice in Oregon" (ECF No. 1 at 11 [¶ 19]) does not mean that this court has the power (the jurisdiction) to entertain this suit. Nor does it mean that it is otherwise the best venue for handling this litigation.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice, with leave to amend. The amended complaint must be filed no later than May 10, 2017. Failure to file the amended complaint by the deadline will result in the action being dismissed without prejudice.

The plaintiff's other motions — ECF Nos. 3, 7–8 — are denied as moot.

The court will issue a separate notice about resources available to parties representing themselves.

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
LAUREL BEELER
United States Magistrate Judge